## UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY | x : : | Court No. 25-00188 |
| Plaintiff, | : : | |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | x | |

## COMPLAINT

Plaintiff, U.S. Specialty Insurance Company ("U.S. Specialty"), by and through its undersigned attorneys, complains against Defendant, the United States, and does hereby state and allege as follows:

## CAUSE OF ACTION

1. This action contests the denial of U.S. Specialty's protest of United States Customs and Border Protection's ("Customs") determination, at liquidation, of the appraised value of certain wearing apparel that its principal, Cheer Rise, imported into the United States.

## JURISDICTION AND STANDING

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a). All liquidated duties, taxes and fees were paid prior to the commencement of this action.

Court No. 25-00188

3. Plaintiff is a surety which issued customs bonds guaranteeing payment of all duties, taxes and fees imposed by reason of the goods' importation, and not paid by the importer, Cheer Rise. Plaintiff paid all liquidated duties, taxes, and fees.

4. At liquidation, Customs appraised the merchandise not based on transaction value but instead based on an unknown method of appraisement.

5. On April 4, 2025, Customs issued a formal demand to Plaintiff for payment of the unpaid duties and fees assessed against the importer, Cheer Rise.

6. Plaintiff timely protested the formal demand for payment of these duties and taxes, and, following the denial of its protests, initiated this action.

7. Customs appraised the apparel based on "the fall back method" under 19 USC 1401a(f) but did not provide the new values, describe its method to derive the new values, or identify any support for the increased value, such as the value of identical or similar apparel.

## COUNT I
### (Failure to Use Transaction Value)

8. Paragraphs 1 through 7 of this Complaint are restated and re-alleged as though fully set forth herein.

9. Pursuant to 19 U.S.C. § 1401a(1)(A), the preferred basis of appraisement for customs purposes, for goods imported into the United States is its "transaction value," which pursuant to 19 U.S.C. § 1401a(b) is defined as the "price

Court No. 25-00188

actually paid or payable for the merchandise when sold for exportation to the United States" plus certain statutory additions. Those additions include, for example, the value of packing costs and inland transportation to the port of exportation. According to Cheer Rise's customs broker, Customs never issued any Customs Form 28 Request for Information to Cheer Rise to request proof of payment from Cheer Rise for the apparel. On the Customs Form 29 Notice of Action Taken, Customs failed to state why it rejected transaction value as the basis of appraisement.

10. In the absence of transaction value, the goods must be appraised under a different basis in hierarchical order as set forth in 19 U.S.C. § 1401a, according to available information.

11. On information and belief, there were no sales of identical or similar merchandise from China to unrelated purchasers for exportation to the United States, so the goods cannot be appraised pursuant to U.S.C. § 1401a(c).

12. On information and belief Customs made no inquiry to Cheer Rise or the ultimate consignee to establish the price the garments were sold in the United States in the greatest aggregate number. Such sales would establish a baseline to calculate deductive value as a basis of appraisement, which precedes the "fallback" method under the statute. Customs was required to consider this option before considering other methods of appraisement lower in the hierarchy.

Court No. 25-00188

13.    Plaintiff is neither the producer nor related to the manufacturer of the goods and does not have sufficient information to declare or permit the determination of a computed value in accordance with 19 U.S.C. § 1401a(e).

14.    Given Customs failed to inform Cheer Rise that it rejected transaction value none of the other methods of appraisement can be used, the merchandise is subject to appraisement based on transaction value.

## COUNT II
### (Arbitrary and Fictitious Appraisement)

15.    Paragraphs 1 through 7 of this Complaint are restated and incorporated by reference as though fully set forth herein.

16.    Section 402(f)(2)(G) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1401a(f)(2)(G) provides that imported merchandise may not be appraised, for purposes of duty assessment, based on "arbitrary or fictitious values".

17.    The values used by Customs to appraise Cheer Rise's merchandise at liquidation were based upon multiplying the entered values by an arbitrary uplift of unknown origin.

18.    On information and belief, the values used by Customs to appraise the importer's merchandise at liquidation were not based on adaptation of the methods of appraisement set out in 19 U.S.C. § 1401a(f).

Court No. 25-00188

19. The values used by Customs to appraise Cheer Rise's merchandise at liquidation were not based on sales of merchandise for exportation to the United States, sales of identical or similar merchandise for export to the United States, computed or deductive value, or any other method of appraisement allowed under 19 U.S.C. § 1401a.

20. The values used by Customs to appraise Cheer Rise's merchandise at liquidation were arbitrary and fictitious values, rendering the appraisement unlawful pursuant to 19 U.S.C. § 1401a(f)(2)(G).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor; and direct the Port Director of Customs at Los Angeles, California to reliquidate the entries at the rate and amount of duty set forth in the entries, and to refund to Plaintiff such excess duty as assessed upon liquidation, together with interest as

/ /

/ /

/ /

/ /

/ /

/ /

Court No. 25-00188

provided by law; and furnishing Plaintiff such additional and further relief as the Court may deem just.

Dated: August 29, 2025                    Respectfully submitted,

                                              By:     /s/ Elon A Pollack
                                                       Elon A. Pollack, Esq.
                                                       Stein Shostak Shostak Pollack & O'Hara LLP
                                                       Attorneys for Plaintiff
                                                       445 South Figueroa Street, Suite 2388
                                                       Los Angeles, California 90071
                                                       Telephone: (213) 630-8888
                                                       Fax: (213) 630-8890
                                                       E-Mail: elon@steinshostak.com